[No. 41200-4-II.   Division Two.   July 19, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. E.K.P., *Appellant*.

---

[143] 2 VRP at 221.

[145] CP at 2335.

*Thomas E. Weaver Jr.*, for appellant.

*Scott W. Rosekrans, Prosecuting Attorney*, and *Thomas A. Brotherton, Deputy*, for respondent.

¶1 VAN DEREN, J. — The juvenile court found EKP[1] guilty of being a minor in possession of alcohol. She argues that

---

[1] Under RAP 3.4, this court changed the title of the case to the juvenile's initials to protect her privacy interests.

the court erred in denying her motion to suppress evidence seized in a warrantless search of her backpack. We affirm.[2]

¶2 On June 9, 2010, EKP was a student at Port Townsend High School. The school's assistant principal, Patrick Kane, heard from a "reliable source" that EKP smelled of alcohol and might be in possession of alcohol. Report of Proceedings (RP) at 5. He found EKP in a parking lot. When he asked her to accompany him to the office, she tried to hide her backpack behind a vehicle's tire, which he found suspicious. Once in the office, EKP confirmed that the backpack was hers but denied it contained " 'anything I need to know' " about. RP at 6. Kane searched the backpack and found a plastic bottle containing alcohol. While she initially denied that the bottle was hers, she later admitted that it was.

¶3 The State charged EKP with being a minor in possession of alcohol. She moved to suppress the plastic bottle, arguing that it was seized after an illegal search. At the suppression hearing, Kane testified as described above. On cross-examination, he admitted that the source of the initial information was a student. He also admitted that EKP did not smell of alcohol when he encountered her and did not exhibit any signs of intoxication. The juvenile court denied the motion to suppress, concluding that Kane had "reasonable grounds" to search EKP's backpack. RP at 26. After a stipulated facts trial, the court found EKP guilty as charged.

¶4 EKP argues that the juvenile court erred in denying her motion to suppress because it used the wrong standard. She asserts that the court should have used the *Aguilar/ Spinelli*[3] test, which requires that an informant (1) be credible and reliable and (2) have a basis for his information. *State v. Sieler*, 95 Wn.2d 43, 47-48, 621 P.2d 1272

---

[2] A commissioner of this court initially considered EKP's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[3] *Aguilar v. Texas*, 378 U.S. 108, 113, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 416, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

(1980). She notes that the State presented no information about the credibility or reliability of the student informant and presented no information about how she or he knew EKP might have alcohol in her possession. Thus, she concludes that the search of her backpack was illegal.

■ ■ ¶5 But the search of the student in *Sieler* was conducted by a police officer. Searches of students conducted by school officials are measured against a different standard. A school teacher or administrator may legally search a student without warrant if she or he has "reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." New Jersey v. T.L.O., 469 U.S. 325, 341-42, 105 S. Ct. 733, 83 L. Ed. 2d 720 (1985); *see also York v. Wahkiakum Sch. Dist. No. 200*, 163 Wn.2d 297, 308-09, 178 P.3d 995 (2008); *State v. B.A.S.*, 103 Wn. App. 549, 553-54, 13 P.3d 244 (2000). The juvenile court applied the correct test to EKP's motion to suppress. The student informant's report and EKP's effort to hide her backpack gave Kane reasonable grounds to suspect that a search of her backpack would turn up evidence of alcohol possession. We affirm the denial of the motion to suppress.

HUNT and JOHANSON, JJ., concur.